**Donald Wayne CATHEY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 43668.**

Court of Criminal Appeals of Texas.

May 26, 1971.

Victor R. Blaine, Houston, for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Bill Huggins, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

ROBERTS, Judge.

This is an appeal from a conviction for misdemeanor shoplifting, subsequent offense; the jury assessed the punishment at two years in jail and a $1,000 fine.

The appellant's first and second grounds of error challenge the sufficiency of the evidence for the jury to find that the appellant was a second offender.

The evidence viewed most favorably to the jury's verdict shows that on June 17, 1969, the appellant was apprehended outside the J-Weingarten Store at 1175 Edgebrook in Houston, after he had aroused the suspicions of Kenneth Roberts, manager of the store. Roberts noticed the appellant carrying a wax cardboard box and walking around the store. He observed the appellant untape the box, put various items of merchandise into it, and then re-tape it. These items were five shirts, a hair dryer,

a pair of scissors, a bottle of cuticle remover, and a fingernail clipper and were found inside the box. The appellant never offered to pay for any of those items. The value of that merchandise was about $11.72. Store personnel did not detain the appellant until after he had left the store with the concealed merchandise and without paying for it.

The defense presented no evidence at the guilt or innocence stage of the trial.

After the jury rendered a verdict of guilty, a hearing was held to determine the punishment.

The information alleged that prior to the commission of this offense, the appellant was duly and legally convicted in Cause No. 244,184 of the offense of misdemeanor shoplifting.

George Conover, deputy district clerk of Harris County, testified that Cause No. 244,184 was styled the State of Texas v. Donald Wayne Cathey. He further testified that the judgment records for the court indicated that a final conviction for shoplifting was entered in that case in County Criminal Court at Law No. 1 in Harris County. The date of the conviction was November 26, 1968. Copies of the judgment and sentence in Cause No. 244,-184 were introduced into evidence.

The appellant was identified as the same person as the Donald Wayne Cathey who was convicted in Cause No. 244,184 through means of a fingerprint comparison by an examiner who was stipulated to be an expert.

■ The appellant contends that the State failed to prove that the prior conviction was had upon an information duly and legally pending in the court.

The judgment in that case recites that:

"The said Defendant was arraigned and in open court pleaded guilty to the charge contained in the information. No jury having been demanded, trial proceeded before the Court; and after having heard the information read, the Defendant's plea of guilty thereto, and the evidence submitted, the Court found the Defendant guilty of the offense of shoplifting a misdemeanor, and assessed the punishment at a fine of $1.00 and 50 days confinement in jail."

This recital in the judgment is prima facie proof that the information was "duly and legally pending in the court."

■ The State presented sufficient evidence for the jury to find that the appellant was the same Donald Wayne Cathey who had been previously convicted of shoplifting in Cause No. 244,184 in the County Criminal Court at Law No. 1 in Harris County.

Appellant's first and second grounds of error are overruled.

■ Appellant's third ground alleges that the confidential nature of the attorney-client relationship was violated when the State called the appellant's attorney as a witness.

During the separate hearing on punishment, the State called Victor Blaine, the appellant's attorney. He was called in his capacity as bondsman for the appellant and was asked to identify the appellant's appearance bond in order to admit it into evidence. Blaine testified that he did not see the appellant sign the document as principal, and the appearance bond itself was not introduced into evidence. No questions were asked him that did not relate to the identification of the bond.

Art. 38.10 of the Vernon's Ann. Code of Criminal Procedure provides that "an attorney at law shall not disclose a communication made to him by his client during the existence of that relationship, nor disclose any other fact which came to the knowledge of such attorney by reason of such relationship."

Blaine's testimony was not in regard to a communication made to him, and he was

not asked to disclose a fact which came to his knowledge by reason of the attorney-client relationship. Essentially he was asked whether he was also the appellant's bondsman and whether he could identify the appellant's signature on the bond. No violation of Article 38.10 or breach of the attorney-client relationship is shown. See: Maldonado v. State, Tex.Cr.App., 425 S.W. 2d 646; Ballard v. Ballard, Tex.Civ.App., 296 S.W.2d 811.

Appellant's third ground of error is overruled.

There being no reversible error, the judgment is affirmed.