**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Terry Ray UPTAIN, Defendant-Appellant.**

No. 76–3685
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 26, 1977.

Rehearing Denied June 29, 1977.

* Rule 18, 5 Cir., see *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.,* 5 Cir., 1970, 431 F.2d 409, Part I.

Jerry A. Kirby, Monroe, La. (Court-appointed), for defendant-appellant.

Donald E. Walter, U. S. Atty., Dosite H. Perkins, Jr., Brian P. Joffrion, Asst. U. S. Attys., Shreveport, La., for plaintiff-appellee.

Before THORNBERRY, RONEY and HILL, Circuit Judges.

PER CURIAM:

After his indictment and arrest for wire fraud, violations of 18 U.S.C. § 1343, appellant failed to appear in court on the appointed trial date, and was indicted for a violation of 18 U.S.C. § 3150. At Uptain's trial for jumping bail, two court-appointed attorneys acted as counsel, and he also questioned some of the witnesses. The jury returned a verdict of guilty as charged. We affirm.

Uptain now brings forward four points, none of which have any merit. He objects to the trial judge's ruling permitting his attorney to testify as to notice of the trial date given to him; to the attorney's testimony concerning FBI Agent Cox who was not called as a witness; to the failure of the trial judge to enter a judgment of acquittal; and to the judge's action in admitting an out-of-court statement Uptain allegedly made.

Counsel's message to his client concerning the date of trial was not a privileged communication. *See, e. g., United States v. Bourassa,* 411 F.2d 69 (10 Cir. 1969), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *United States v. Hall,* 346 F.2d 875 (2 Cir. 1965), *cert. denied,* 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965). The attorney's testimony concerning his comments to Agent Cox only uncovered what was already known; *i. e.,* that he had written two letters to Uptain informing him of the date and time of trial. The judge certainly made no error by not granting a judgment of acquittal. Uptain's guilt was clearly proven. Finally, Uptain's statement was a volunteered, unsolicited statement that he blurted out during the trial.

Accordingly, we AFFIRM.