Stephen Fuller AUSTIN, Appellant,

v.

The STATE of Texas.

No. 736–95.

Court of Criminal Appeals of Texas,
En Banc.

Nov. 6, 1996.

Christine R. Brown, Orange, for appellant.

Troy Johnson, Assist. District Attorney, Orange, Matthew Paul, State's Atty., Austin, for State.

## OPINION ON THE STATE'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted by a jury of bail jumping. Tex. Penal Code Ann. § 38.10. Punishment was assessed at fifty years. The Court of Appeals reversed. *Austin v. State,* 899 S.W.2d 834 (Tex.App.—Beaumont 1995). We granted the State's petition for discretionary review to determine whether a communication from an attorney informing a client of a trial date is subject to the attorney-client privilege. We will reverse.

### I. THE COURTS BELOW

#### A. TRIAL COURT

Appellant was initially charged with the felony offense of possession of a controlled substance. He was released on bond and retained counsel in the person of Dennis Powell. When appellant later failed to appear for trial he was charged in the instant case with bail jumping.

During its case-in-chief at the trial of the instant case, the State called Powell to prove appellant had knowledge of his former trial date. Powell testified about the contents of two letters he mailed appellant.[1] The letters were admitted into evidence without objection. Powell further testified he had no knowledge as to whether appellant actually received the letters. Appellant contended he

---

1. In a letter dated March 26, 1990, Powell wrote: "We are on stand-by for trial on April 2, 1990 and April 9, 1990. It appears they will not reach your case the first week but will the second week." On April 2, 1990, Powell wrote: "We have been set by the court as the # 1 case for April 9, 1990 to select a jury at 10:00 o'clock that morning." The letters contained additional material which Powell deemed privileged; this information was redacted.

never received the letters nor any notice of the trial setting. Appellant was convicted of bail jumping and the trial judge assessed punishment at fifty years.

## B. COURT OF APPEALS

On direct appeal, appellant contended his attorney in the instant case was ineffective for failing to object to evidence subject to the attorney-client privilege. *Austin*, 899 S.W.2d at 837. The State contended the trial date was public information and, therefore, not protected by the privilege. *Id.*, at 837. The Court of Appeals rejected the State's argument, noting the probative value of Powell's testimony was not the fact that the case was set for trial on a particular date, but that the attorney communicated that information to appellant. *Id.*, at 838. Holding the subject matter of the communication was irrelevant to the determination whether a communication is privileged, the Court of Appeals held Tex.R.Crim. Evid. 503 defines confidentiality in terms of intent, not content. *Ibid.* While acknowledging the record contained no direct evidence of intent, the Court noted that correspondence by its very nature is private. *Ibid.* Accordingly, the Court held Powell's testimony and the letters were subject to the attorney-client privilege; and that trial counsel was ineffective for failing to object to Powell's testimony and the introduction of the letters written by Powell. *Ibid.*

## II. ATTORNEY-CLIENT PRIVILEGE

### A. THE ATTORNEY–CLIENT PRIVILEGE GENERALLY

■ The purpose of the attorney-client privilege is to promote communication between attorney and client unrestrained by fear that these confidences may later be revealed. *Cruz v. State*, 586 S.W.2d 861, 865 (Tex.Cr.App.1979); *Maryland Am. Gen. Ins. Co. v. Blackmon*, 639 S.W.2d 455, 458 (Tex. 1982). Statements and advice of the attorney are just as protected as the communications of the client. *In re Grand Jury Subpoenas*, 803 F.2d 493, 496 (9th Cir.1986); *Boring and Tunneling Co. v. Salazar*, 782 S.W.2d 284, 290 (Tex.App.—Houston [1st Dist.] 1989, no writ); and, *Dewitt and Rearick, Inc. v. Ferguson*, 699 S.W.2d 692, 693

(Tex.App.—El Paso 1985, no writ). However, because the attorney-client privilege is an exclusionary rule of evidence, the privilege has been limited both by statutory exception and strict construction to situations which encourage full disclosure. *Strong v. State*, 773 S.W.2d 543, 547–48 (Tex.Cr.App.1989); *Duval County Ranch Co. v. Alamo Lumber Co.*, 663 S.W.2d 627, 634 (Tex.App.—Amarillo 1983, writ ref'd n.r.e.) (holding privilege should be narrowly construed); *see also*, *Matter of Grand Jury Proceeding, Cherney*, 898 F.2d 565, 567 (7th Cir.1990) (holding because privilege has the effect of withholding relevant information from the fact finder, it applies only where necessary to achieve its purpose); *State v. Ogle*, 297 Or. 84, 682 P.2d 267, 270 (1984) ("privilege protects only those disclosures which might not have been made absent the privilege"); and, *Hurley v. McMillan*, 268 S.W.2d 229, 232 (Tex.Civ. App.—Galveston 1954, writ ref'd n.r.e.).

■ Therefore, attorneys may testify regarding information they possess about a client so long as no communication is revealed. *See, e.g., Russell v. State*, 598 S.W.2d 238, 252 (Tex.Cr.App.1980) (former attorney's testimony that he did not forge client's name on document did not violate attorney-client privilege); *Brasfield v. State*, 600 S.W.2d 288, 295 (Tex.Cr.App.1980) (former attorney's testimony regarding client's location on a particular afternoon did not violate attorney-client privilege); *Church v. State*, 552 S.W.2d 138, 142 (Tex.Cr.App.1977) (attorney's testimony that he was present during a police lineup did not violate attorney-client privilege); *Cathey v. State*, 467 S.W.2d 472, 474 (Tex.Cr.App.1971) (former attorney's testimony that he was not defendant's bondsman did not violate attorney-client privilege); *Manning v. State*, 766 S.W.2d 551, 556 (Tex.App.—Dallas, 1989) (attorney's testimony concerning observations he made did not violate the attorney-client privilege), *aff'd per curiam*, 773 S.W.2d 568 (Tex.Cr.App.1989) (adopting Court of Appeals' reasoning as "sound"); *Lopez v. State*, 651 S.W.2d 830, 838 (Tex.App.—San Antonio 1983, writ ref'd) (attorney's testimony based on observations of client which could have been made by anyone observing client did

not violate attorney-client privilege); and, *Jackson v. State,* 624 S.W.2d 306, 309 (Tex. Civ.App.—Dallas 1981, no writ) (former attorney's testimony that he prepared affidavits of non-prosecution did not violate the attorney-client privilege). The privilege was not applied in these situations because the disclosure did not inhibit the normal communications necessary for the attorney to effectively represent the client.

■ A client has a privilege to refuse to disclose and to prevent any other person from disclosing *confidential* communications made for the purpose of facilitating the rendition of professional legal services. Tex. R.Crim. Evid. 503(b). Application of the attorney-client privilege depends, therefore, on whether the communication sought to be protected is "confidential." Tex.R.Crim. Evid. 503(b); *Strong v. State,* 773 S.W.2d 543, 551 (Tex.Cr.App.1989); *Giffin v. Smith,* 688 S.W.2d 112, 114 (Tex.1985); and, *United States v. Pipkins,* 528 F.2d 559, 563 (5th Cir.), *cert. denied,* 426 U.S. 952, 96 S.Ct. 3177, 49 L.Ed.2d 1191 (1976). "A communication is 'confidential' if not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." Tex.R.Crim. Evid. 503(a)(5). The client bears the burden of establishing the existence of the privilege. *Strong,* 773 S.W.2d at 552; *Jordan v. Court of Appeals for the Fourth Supreme Judicial Dist.,* 701 S.W.2d

644, 648 (Tex.1985); and, *Giffin,* 688 S.W.2d at 114.

## B. A CASE OF FIRST IMPRESSION

■ This case presents a question of first impression, namely whether a communication from an attorney informing a client of a trial date is subject to the attorney-client privilege. In the jurisdictions which have addressed this issue, a majority of the federal circuits and at least six states have held such a communication is not privileged.[2] For example in *State v. Ogle,* 297 Or. 84, 682 P.2d 267 (1984), the defendant failed to appear for arraignment and was subsequently charged with failure to appear. *Id.,* 682 P.2d at 268. At trial, the defendant's former counsel testified, over objection, he had sent a letter to defendant informing him of the arraignment date. *Ibid.* The trial judge admitted the testimony, but not the letter because the letter contained confidential material.[3] *Ibid.* The *Ogle* Court reasoned that whether the privilege applies is determined both by intent *and* the purpose of the communication. The Court held the "communication of the trial date does not implicate confidential communications . . . merely because it occurs between attorney and client." *Id.,* at 269. The Court reasoned that "(w)hen an attorney notifies a client of a court date set for the client, it is not for the purpose of facilitating the rendition of professional legal services," but that the lawyer is merely acting as an agent for the court. *Ibid.* Accordingly, the Oregon Supreme Court held such communi-

---

**2.** *United States v. Clemons,* 676 F.2d 124 (5th Cir.1982); *United States v. Uptain,* 552 F.2d 1108 (5th Cir.), *cert. denied,* 434 U.S. 866, 98 S.Ct. 202, 54 L.Ed.2d 142 (1977); *In re Grand Jury Proceedings, Des Moines, Iowa,* 568 F.2d 555, 557 (8th Cir.1977), *cert. denied,* 435 U.S. 999, 98 S.Ct. 1656, 56 L.Ed.2d 90; *United States v. Freeman,* 519 F.2d 67 (9th Cir.1975); *United States v. Bourassa,* 411 F.2d 69 (10th Cir.), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *United States v. Hall,* 346 F.2d 875 (2nd Cir.), *cert. denied,* 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965); *United States v. Woodruff,* 383 F.Supp. 696 (E.D.Penn.1974); *Downie v. Superior Court,* 888 P.2d 1306 (Alaska.Ct.App.1995); *People v. Williamson,* 839 P.2d 519 (Colo.Ct.App.1992); *Watkins v. State,* 516 So.2d 1043 (Fla.Dist.Ct.App.1987); *Korff v. State,* 567 N.E.2d 1146 (Ind.), *cert. denied,* 502 U.S.

871, 112 S.Ct. 206, 116 L.Ed.2d 164 (1991); *State v. Breazeale,* 11 Kan.App.2d 103, 713 P.2d 973 (1986); and, *State v. Ogle,* 297 Or. 84, 682 P.2d 267 (1984).

**3.** Oregon's attorney-client privilege utilizes the same text as Tex.R.Crim. Evid. 503 and defines confidentiality in terms of intent: "A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services . . ." Or. Evid.Code 503(2)(a). A confidential communication is one "not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services . . ." Or. Evid.Code 503(1)(b).

cation falls outside the scope of the attorney-client privilege.

These cases are based upon the rationale that the attorney is a "mere conduit" for the trial judge passing on a routine message, i.e. the trial date, and such communication is not confidential because it does not involve the subject matter of the client's legal problems. *Woodruff,* 383 F.Supp. at 698 (noting the communication is based on information obtained from a source other than the client); *Breazeale,* 713 P.2d at 975 (holding such information is non-legal in nature). In this "conduit" capacity, the attorney has a duty to inform the client of the trial date. *Hall,* 346 F.2d at 882 (holding that defendant's attorney has a duty, in his capacity as officer of the court, to relay the information). In light of this duty, such communications are not subject to the attorney-client privilege. *Bourassa,* 411 F.2d at 74 (holding such a duty does not invoke the attorney-client privilege); *and, Breazeale,* 713 P.2d at 975 (attorney's duty to the court is not inconsistent with attorney's duty to the client).

We agree with this rationale. The communication of a trial date is a matter collateral to the attorney-client relationship. The attorney receives the information regarding the client's trial date from a third party. The information does not involve the subject matter of the client's legal problems. Therefore, prohibiting disclosure of this communication would not further the general policy of encouraging unrestrained communication between attorney and client. Accordingly, we hold an attorney's communication to the client of a trial setting is not subject to the attorney-client privilege.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. THE STANDARD

The ultimate issue in this case is whether appellant was denied effective assistance of counsel. The standard by which we review the effectiveness of counsel at the guilt-innocence stage of trial was articulated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by this Court in *Hernandez v. State,* 726 S.W.2d 53, 57 (Tex.Cr.App.1986). The *Strickland* Court outlined a two-step analysis. First, the reviewing court must decide whether trial counsel's performance failed to constitute "reasonably effective assistance." Stated differently, the question is whether trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. If counsel's performance fell below the objective standard, the reviewing court must undertake the second step of determining whether there is a "reasonable probability" the result of the trial would have been different but for counsel's deficient performance. A reasonable probability is a "probability sufficient to undermine the confidence in the outcome." *Strickland,* 466 U.S. at 694, 104 S.Ct. at 2068; *Ex parte Menchaca,* 854 S.W.2d 128, 131 (Tex.Cr.App. 1993).

### B. THE ANALYSIS

Under this standard, appellant must first establish his trial counsel's performance was deficient. *Strickland,* 466 U.S. at 690, 104 S.Ct. at 2065–66; *Menchaca,* 854 S.W.2d at 131. In the instant case, the Court of Appeals found counsel's performance was deficient in failing to object to the admission of evidence subject to the attorney-client privilege. *Austin,* 899 S.W.2d at 838. However, for the reasons stated above, the attorney-client privilege did not apply to that evidence. Therefore, counsel was not deficient in failing to object to either Powell's testimony or to the introduction of the letters written by Powell. The State's ground for review is sustained.

The judgment of the Court of Appeals is reversed and the case is remanded to that Court for consideration of appellant's remaining point of error.

CLINTON, J., satisfied that the opinion of the court of appeals is sustainable under *Arcila v. State,* 834 S.W.2d 357 (Tex.Cr.App. 1992), respectfully dissents.

MALONEY, Justice, concurring.

I agree with the majority's opinion that the Court of Appeals erred in concluding the communications between appellant and his attorney were confidential, but write sepa-

rately to clarify why the communications were not of a confidential nature.

During the State's case-in-chief on the bail jumping charge, the attorney who represented appellant on the original charge testified about the contents of two letters he mailed to appellant. The letters were admitted into evidence without objection. The attorney's testimony revealed that the first letter indicated appellant's case was on standby for the following two week period, while the second letter stated a jury trial was set for April 9, 1990. In determining whether this evidence about the trial setting was privileged, the Court of Appeals relied upon the statutory attorney-client evidentiary privilege found in Tex.R.Crim. Evid. 503(b):

> A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client and made: (1) between him ... and his lawyer....

*Austin*, 899 S.W.2d at 837. In order to claim the privilege, the communication between the attorney and client must be of a confidential nature. "A communication is 'confidential' if not intended to be disclosed to third persons...." Tex.R.Crim. Evid. 503(a)(5). The State argued that the communications here were not confidential because the information regarding the trial setting was public information. The court responded by stating that the State was confusing "the fact of communication with the underlying facts communicated." *Id.* Citing a number of court of appeals cases, the Court of Appeals noted that "the subject matter of the communication is of no concern on determining whether a document is privileged." *Id.* The probative value of the attorney's testimony on the bail jumping charge was not the date of the trial setting but the fact that he informed appellant that the case was set for trial.[1] *Id.* at 838.

The Court of Appeals then stated that Rule 503 defines confidentiality in terms of intent rather than content and that a communication is privileged if it was intended to be confidential at the time it was made. *Id.* at 838. The appellate court acknowledged that there was no direct evidence that the attorney intended his communications to appellant about the trial setting be confidential. *Id.* Nonetheless, focusing on the fact that the letters were sent to appellant personally and that correspondence is by its very nature private, the court concluded that the communications between the attorney and appellant were intended to be confidential. *Id.* Thus, the Court of Appeals held the evidence was subject to the attorney-client privilege. *Id.*

The Court of Appeals erred in stating that the subject matter of the communication between an attorney and his client is unimportant in determining whether a communication is privileged. In *Manning v. State*, a Court of Appeals opinion that this Court adopted as its own, the appellate court quoted language from a federal circuit court case which stated "[i]t is the substance of the communications which is protected, however, not the fact that there have been communications." *Manning v. State*, 766 S.W.2d 551, 557 (Tex.App.—Dallas 1989), *aff'd per curiam*, 773 S.W.2d 568, 569 (Tex.Crim.App. 1989). The plain language of Rule 503(b) provides that only confidential communications *made for the furtherance of professional legal services* are considered privileged. *See Boykin v. State*, 818 S.W.2d 782, 785 (Tex.Crim.App.1991) (absent absurd result or ambiguity, plain language of statute controls interpretation). To state that the subject matter of a communication is irrelevant in determining whether a communication is privileged under Rule 503(b) would make the privilege available to any type of confidential communication between an attorney and his client. Although the attorney-client relationship here provided the occasion for the attorney's communications, the relationship alone *did not give rise to the privilege*.

The Court of Appeals held that the attorney's communications to appellant were privileged under Rule 503(b) because the attorney intended his communications to appellant

---

1. In the prosecution for bail jumping, the State was required to prove that appellant had knowledge of the trial setting and that he intentionally failed to appear for his jury trial. Tex. Penal Code Ann. § 38.11(a) (current version at Tex. Penal Code Ann. § 38.10(a)).

to be confidential. Although it recognized that there was no direct evidence of intent, the court determined the communications were confidential because they were addressed to appellant personally and because correspondence is by its nature private. The court erred in its analysis regarding the attorney's intent.

The burden of proof to establish the existence of a privilege rests on the one asserting it. *Jordan v. Fourth Court of Appeals*, 701 S.W.2d 644, 648 (Tex.1985) (orig. proceeding); *Peeples v. Fourth Supreme Judicial District*, 701 S.W.2d 635, 637 (Tex.1985) (orig.proceeding); *Giffin v. The Honorable R.L. Smith*, 688 S.W.2d 112, 114 (Tex.1985) (ornig. proceeding); *Cameron County v. Hinojosa*, 760 S.W.2d 742, 743 (Tex.App.—Corpus Christi 1988, orig. proceeding); *see also Hayes v. Pennock*, 192 S.W.2d 169, 173–74 (Tex.Civ.App.—Beaumont 1945, writ ref'd n.r.e.) (stating "[u]nless it is clear that secrecy was desired the reason for the privilege ceases"). Appellee has not met his burden. The circumstances surrounding the communications reflect that the attorney did not intend his communications to appellant regarding the trial setting be confidential. At no time did the attorney refuse to testify or assert the attorney-client privilege with respect to his communications to appellant on that topic. The attorney also testified that he told appellant's mother about the trial setting. Rule 503(a)(5) specifically states that a "confidential" communication is one not intended to be disclosed to third parties. This evidence is much more indicative of the attorney's intent that his communications about the trial date not be confidential than ·the fact that the correspondence, which by nature is confidential, was sent to appellant personally. Even if appellant's trial counsel had objected to introduction of the evidence about the trial setting on the ground that it was subject to the attorney-client privilege, the objection would have been overruled because the evidence was not privileged. Appellee has not satisfied the *Strickland* standard for ineffective assistance of counsel, ie., that counsel's performance was deficient and that but for counsel's errors, the result of the proceeding would have been different.

*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

As the majority notes, other jurisdictions addressing this same issue have uniformly held that communications between an attorney and his client regarding a trial setting are not confidential. *United States v. Freeman*, 519 F.2d 67, 68–69 (9th Cir.1975); *United States v. Bourassa*, 411 F.2d 69, 74 (10th Cir.1969), *cert. denied*, 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *United States v. Hall*, 346 F.2d 875, 882 (2nd Cir. 1965), *cert. denied*, 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965); *United States v. Woodruff*, 383 F.Supp. 696, 697 (E.D.Pa. 1974). These cases rely on the following basic elements that are required to establish a claim of attorney-client privilege:

(1) the holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. United Shoe Machinery Corp.*, 89 F.Supp. 357, 358–59 (D.Mass.1950). These courts hold that "[t]he relaying of this message is not in the nature of a confidential communication," reasoning that "[d]efense counsel served merely as a conduit for transmission of a message.... Defendant's counsel had a duty to relay the instructions to his client in his capacity as an officer of the court, and this in no way was inconsistent with his obligation to his client." *Hall*, 346 F.2d at 882. Notification of a trial setting is not "for the purpose of facilitating the rendition of professional legal services.... The lawyer is acting merely as an agent for the court in communicating the court date to the client." *State v. Ogle*, 297 Or. 84, 682 P.2d 267, 269 (1984). Furthermore, the attorney's

testimony "of the fact that he or she performed this function is not privileged." *Id.*; *State v. Breazeale*, 11 Kan.App.2d 103, 713 P.2d 973, 975 (1986); *see also United States v. Kendrick*, 331 F.2d 110, 113–14 (4th Cir. 1964).

I find this caselaw, none of which is cited by either party or the Court of Appeals, provides guidance on the issue before us. The trial attorney's role was that of a "conduit," relaying a message to his client, appellant, informing him of the date his case was set for trial. At no time did he indicate that this communication was intended to be confidential.

An attorney's communication to his client of a trial setting is not a confidential communication, and therefore not subject to the attorney-client privilege. Appellee's lawyer's failure to object to testimony on this issue did not render his assistance ineffective. With these comments I join the opinion of the Court.