Guillermo GONZALEZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 14–96–01067–CR.

Court of Appeals of Texas,
Houston (14th Dist.).

April 16, 1998.

Ricardo N. Gonzalez, Houston, for appellant.

Rikke Burke Graber, Houston, for appellee.

Before HILL,[1] AMIDEI and ANDERSON, JJ.

## OPINION

JOHN HILL, Justice.

Guillermo Gonzalez was convicted upon his plea of guilty to the offense of possession with intent to deliver a controlled substance, cocaine, weighing at least 400 grams. The trial court, in accordance with a plea agreement, assessed his punishment at fifteen years in the Texas Department of Criminal Justice, Institutional Division, and a fine of $25,000. The trial court gave Gonzalez permission to appeal.

Gonzalez contends in two points of error that (1) the trial court erred in denying a motion to disclose the identity of the confidential informer and in excluding relevant evidence and (2) he was denied the effective assistance of counsel.

We affirm for the following reasons: (1) the trial court did not err in denying the motion to disclose the identity of the confidential informer because there was no showing that the informer might be able to give testimony necessary to a fair determination concerning Gonzalez's guilt or innocence of the offense; (2) in view of the record before us, including the evidence that was elicited at the hearing on the motion to disclose the identity of the informer, we hold, beyond a reasonable doubt, that any error by the trial court in sustaining objections to questions by defense counsel did not contribute to Gonzalez's conviction or to his punishment, nor did it affect any of his substantial rights; (3) we cannot consider Gonzalez's claim that his original counsel was ineffective by not pursuing a motion to disclose the identity of the confidential informer because our record does not contain counsel's reason for failure to do so; and (4) because considering Gonzalez's subsequently appointed trial counsel also did not pursue such a motion, but adopted the motion filed by others; considering the evidence elicited upon the hearing of that motion; and considering our review of the merits of Gonzalez's appeal of the trial court's refusal to disclose the informer's identity, we hold that even if Gonzalez's original trial counsel's performance has been deficient, there is no showing that but for that deficient performance the result of the proceeding would have been different.

Gonzalez contends in point number one that the trial court erred in denying a motion to disclose the identity of the confidential informer and in excluding relevant evidence.

1. The Honorable Justice John Hill sitting by assignment.

Other defendants connected with the drug transaction upon which Gonzalez's plea and conviction were based had, prior to the entry of Gonzalez's plea, presented a motion to disclose the identity of the confidential informer who told the police of the impending drug deal. After hearings in open court and in-camera, the trial court overruled their motion. While Gonzalez did not join in the other defendants' motion to disclose, he did, however, obtain the trial court's permission to adopt the motion prior to entering his plea.

The United States, a state, or a subdivision of a state has, with certain exceptions, the privilege to refuse to disclose the identity of an informer. *See* Tex.R.Crim. Evid. 508. Gonzalez relies on the exception that "[i]f it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt, innocence and the public entity invokes the privilege, the judge shall give the public entity an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony." Tex. R.Crim. Evid. 508(c)(2).

■ The informer's potential testimony must significantly aid the defendant; mere conjecture or supposition about possible relevancy is insufficient. *See Bodin v. State,* 807 S.W.2d 313, 318 (Tex.Crim.App.1991). Before disclosure can be compelled, the defendant has the threshold burden of demonstrating that the informant's identity must be disclosed. *See id.* Because the nature of the informer's testimony may be unknown, the defendant should only be required to make a plausible showing of the importance of the informer's information. *See id.* The defendant may present evidence from any source, to make the required showing that the informer's identity must be disclosed, but he may not present mere conjecture or speculation. *See id.*

The trial court held both in court and in camera hearings on the motion to disclose. Officer Wood testified he had frequent contact with the informer, who told him that there was to be a cocaine delivery involving Raul Cardenas. Wood said the informer and Cardenas were together on two occasions during the buildup of the case, and that their meetings lasted approximately thirty to forty-five minutes. After receiving the tip, Officer Wood established surveillance on Cardenas, and by the time Cardenas, and, presumably, Gonzalez were arrested, the informer had left the scene. Wood further testified that he did not know where the informer was at that time.

Indicating that he had instructed the informer not to offer any inducements to Gonzalez to commit the crime, Officer Wood said the informer did not know the other people involved in the drug deal and was not present during any negotiations between Cardenas and any others. Officer Wood also stated that, as far as he knew, neither law enforcement officers nor the informer offered Gonzalez any inducement to commit a crime.

■ Nothing presented at the hearings before the trial court indicates that the informer might have been able to give testimony that would be necessary to a fair determination of the issue of Gonzalez's guilt or innocence. While Gonzalez argues that disclosure should have been compelled because Officer Wood's testimony showed that the informer was a material witness to the "identity of the culprit" and as to "whether the defendant knowingly committed the crime," the evidence indicates that the informer did not know Gonzalez and was not present at the time of his arrest. Any contention that the informer might have any testimony concerning Gonzalez's identity or as to whether Gonzalez knowingly committed the crime is mere conjecture or supposition. Gonzalez's argument seems to actually refer to information the informer had about Cardenas, but he has failed to demonstrate how that information is necessary for his defense on the issue of his own guilt or innocence.

Raising the issue of entrapment, Gonzalez contends the informer was a material witness necessary for him to develop his defense. The evidence presented at the trial court hearings indicates the informer had no knowledge of any inducements that might have been offered to Gonzalez to participate

in the drug transaction and he had no contact with Gonzalez. If Gonzalez is suggesting that the informer might have some information with respect to any entrapment of Cardenas, we find the evidence fails to demonstrate how that information is necessary for his defense on the issue of his own guilt or innocence. After a review of the record we find defendant's suggestion to be mere conjecture or supposition.

Finally, Gonzalez argues that disclosure of the informant was appropriate because there was a reasonable probability that he was present at the time of the offense or arrest. Accordingly, Gonzalez contends the informer was a material witness to the transaction and events occurring about the time of his arrest. Testimony at the hearing established that, while the informer might have been at that location earlier in the day, he was not present at the time of the arrest. Gonzalez's suggestion to the contrary is mere conjecture or speculation.

■ Gonzalez also urges the trial court made several errors during the hearing in sustaining objections to defense questions regarding the informer. Specifically, he refers to questions (1) as to whether the informer could provide information about any inducements made to Cardenas or his willingness to engage in the charged offense; (2) whether the informer was present during, or had information about the existence or nature of, any meetings, conversations, or negotiations between Cardenas and others in relation to the charged offense; and (3) about the time period when Officer Wood and the informer had contact on the date of the arrest and when the informer was actually at the arrest scene.

As previously noted, Officer Wood testified that, to his knowledge, neither the informer nor anyone in law enforcement offered inducements to Gonzalez to participate in the drug transaction. No evidence was presented to the contrary. Officer Wood testified that, during the build up of the case, the informer and Cardenas were together on two occasions for a total of thirty to forty-five minutes. Wood stated that he did not think the informer witnessed any negotiations between Cardenas and other persons about the

cocaine involved in this case. He also testified that the informer told him that he (1) only obtained information from Cardenas; (2) did not know any of the other persons involved in the cocaine deal; and (3) was not present during any conversations between Cardenas and others.

Officer Wood further testified that, before he began his fifteen minute surveillance of the scene, he was in touch with the informer on numerous occasions the day of the arrest; and that the informer had been at the scene before he conducted his investigation. When Officer Wood arrived at the scene to set up surveillance, he saw only Cardenas, alone in his vehicle.

We have reviewed the testimony and, based upon the criteria set forth by the Court of Criminal Appeals in *Harris v. State,* we hold beyond a reasonable doubt that any error on the part of the trial court in sustaining objections to any of the defense questions directed to Officer Wood did not contribute to Gonzalez's conviction or punishment, nor did it affect any of his substantial rights. *See* 790 S.W.2d 568, 585–87 (Tex.Crim.App. 1989).

In support of this point of error, Gonzalez primarily relies upon the cases of *Roviaro v. United States,* 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957); *Anderson v. State,* 817 S.W.2d 69, 71 (Tex.Crim.App.1991); and *Bodin v. State,* 807 S.W.2d 313 (Tex.Crim.App. 1991). We find these cases to be distinguishable. In *Roviaro,* the informer was present and directly involved in the drug transaction. *Roviaro,* 353 U.S. at 55, 77 S.Ct. at 625. In *Anderson,* the informer was present at the time of the drug transaction. *Anderson,* 817 S.W.2d at 72. In *Bodin,* the informer went inside the defendant's apartment and purchased methamphetamine from him. Based upon information from the informer after the buy, a search warrant was obtained and methamphetamine was found in a key box inside the same apartment. *Bodin,* 807 S.W.2d at 315. In all three of those cases the nature of the informer's involvement was such that the informer's testimony was necessary to a fair determination of the defendant's guilt or innocence. In this case, the informer's testimony is not necessary

because he was not involved to the same extent as the informants in *Roviaro, Anderson,* and *Bodin.* We overrule point number one.

■ Gonzalez contends in point number two that he was denied his right to the effective assistance of counsel at trial as guaranteed to him by Article I, section 10 of the Texas Constitution and by the Sixth and Fourteenth Amendments of the United States Constitution.

To establish his claim for ineffective assistance of counsel, Gonzalez must first show that his trial counsel's performance was deficient to the extent that it fell below an objective standard of reasonableness under prevailing professional norms, and that counsel failed to provide reasonably effective assistance. Gonzalez must further show that, but for counsel's defective performance, the result of the proceeding below would have been different. *Strickland v. Washington,* 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 2064, 2068, 80 L.Ed.2d 674 (1984); *Austin v. State,* 934 S.W.2d 672, 675 (Tex.Crim.App.1996).

Gonzalez complains·that his original trial counsel failed to present any motions on his behalf, and did not join in the motion to disclose the identity of the informer. Gonzalez's original counsel withdrew prior to trial, and more than a month before Gonzalez's trial date, the trial court appointed new counsel. New counsel was permitted for purposes of appeal and to adopt the motions for disclosure that had been filed by the others. There is no indication that Gonzalez's new trial counsel sought to file such a motion on his behalf or was denied an opportunity for an independent hearing on such a motion. Gonzalez does not question the effectiveness of his substitute trial counsel. The record before us contains no reason his original counsel did not bring a motion to require disclosure, nor does it reveal why his trial counsel did not seek an independent motion and hearing, as opposed to adopting the motions brought by the other defendants.

Because of the lack of evidence presented as to why original counsel chose not to pursue any motions, particularly a motion to require disclosure of the identity of the confidential informer, we are unable to conclude that Gonzalez's original counsel's performance was deficient. *See Jackson v. State,* 877 S.W.2d 768, 771 (Tex.Crim.App.1994); *Barker v. State,* 935 S.W.2d 514, 519 (Tex. App.—Beaumont 1996, pet. ref'd). While Gonzalez's trial counsel did not pursue such a motion, he did adopt the motion filed by others. We have reviewed the evidence presented in connection with that motion and considered the merits of Gonzalez's appeal of the trial court's refusal to require the disclosure of the identity of the confidential informer. We hold that even if Gonzalez's original trial counsel's performance had been deficient, there is no showing that, but for that deficient performance, the result of the proceeding would have been different. We overrule point number two and affirm the judgment of the trial court.