**Lajuan Cecile BAILEY, Appellant**

v.

**The STATE of Texas**

**NO. PD–1087–15**

Court of Criminal Appeals of Texas.

Delivered: December 14, 2016

Angela L. Cameron, Harris County Public Defender's Office, Houston, TX, for Lajuan Cecile Bailey.

Alan Curry, Assistant District Attorney, Houston, TX, for The State of Texas.

## OPINION

Johnson, J., delivered the opinion of the Court in which Keller, P.J., and Meyers, Keasler, Hervey, Richardson, Yeary, and Newell, JJ., joined.

A jury convicted appellant of felony failure to appear/bail jumping because she failed to appear as required for a pretrial court setting. The jury assessed punishment at ten years' imprisonment and a $10,000 fine. On appeal, appellant asserted ineffective assistance by her trial counsel because he violated the attorney-client privilege by questioning her prior trial counsel about confidential communications with appellant without appellant's consent. Appellant also alleged that the trial court abused its discretion in overruling her mistrial motion, which was based on a claim of ineffective assistance of counsel for that violation of appellant's attorney-client privilege. The First Court of Appeals overruled her claims and affirmed the judgment and sentence. Upon reconsideration of its original opinion, it withdrew that opinion and issued an *en banc* opinion, which also affirmed the trial court's judgment and sentence. *Bailey v. State*, 469 S.W.3d 762, 764–65, 780, n.* (Tex. App.–Houston [1st Dist.] 2015) (op. on rehearing) (en banc). We granted appellant's petition for discretionary review, which raised five grounds for review.

1) The attorney-client privilege belongs to the client and may not be waived without the client's consent. Appellant expressly waived attorney-client privilege but limited the waiver to one extraneous offense. Trial counsel questioned appellant's previous counsel regarding privileged communications concerning a second extraneous offense without appellant's consent.

2) Did the court of appeals err in determining trial counsel's disclosure was not ineffective assistance of counsel but instead an "implied waiver?"

3) Does implied waiver under the "offensive use" doctrine apply to the general defense of reasonable excuse provided for in Tex. Pen. Code § 38.10?

4) Can implied waiver under Tex. R. Evid. 511 trump appellant's expressed and specific limitation on the waiver of her attorney-client privilege?

5) Did the court of appeals improperly shift the burden to appellant to prove she did not waive her attorney-client privilege?

We find that the assertions made in ground one are encompassed by the other grounds. We therefore dismiss ground one as improvidently granted.

### Facts

In 2009, appellant was charged with fraudulent use or possession of identifying information in both Harris County and Jefferson County. She posted a surety bond in both counties and hired Brian Roberts to represent her in both counties. The last reset request for the Harris County case was granted on September 2, 2010, when Roberts reset the hearing date from September 7 to September 21. He informed appellant of the change on or about September 2, and her knowledge of the new date was confirmed by her bondsman, who testified that appellant told the bondsman on September 8 about the change in the Harris County setting to September 21. On September 8, the Harris County court revoked appellant's bond because of a new charge against her in Brazoria County and the existence of an open warrant on that charge. Roberts testified that both appellant and the Harris County prosecutor notified him of the new charges on September 6.

Appellant did not appear for her scheduled appearance in Jefferson County on September 15 or for the Harris County setting on September 21. Both counties ordered the applicable surety bond forfeited, and Roberts withdrew from representation.

At trial, the state called Roberts as a witness. On direct examination, Roberts was asked questions about his representation of appellant only as to the Harris County case. Although the record reflects Roberts's discomfort at testifying against a former client and his concerns about the possibility of violating appellant's attorney-client privilege, he answered some of the questions after he was directed to answer by the trial judge. During cross-examination, appellant's counsel questioned Roberts about the Brazoria County charge, a topic not addressed by the state on direct examination, which prompted a renewed discussion of the privilege.

Outside the presence of the jury, appellant stated that she waived the attorney-client privilege with regard to her communications with Roberts when he had been representing her, but only with regard to the Brazoria case.[1] To clarify, appellant stated, "I'm only waiving privilege to the one case that was filed against me in Brazoria County during this time because everything did not happen at the same time. Do you understand what I'm saying?" Roberts responded, "That's the only thing. Nothing else. I understand." Appellant reiterated, "Just only that." 4 R.R. 41–42. As

---

1. We note that, while Roberts testified that he informed appellant that the Brazoria charge would likely result in complicating the other two pending charges, he stated that he did not represent appellant on the pending charge in Brazoria County and had had no access to the state's file on that case.

questions arose about Roberts's handwritten notes regarding his contact with appellant possibly being privileged, appellant said, "I was very specific in saying that I wanted to stick to the Brazoria County charge. I was very, very specific in the very beginning." 4 R.R. 88.

Appellant repeatedly expressed her intent to waive the privilege only as to the pending weapons charge in Brazoria County case and now alleges that her trial counsel elicited testimony that caused the trial court to determine that he had opened the door to privileged communications outside the scope of appellant's clearly enunciated, narrow waiver of the privilege.

## The Appeal

The court of appeals wrote,

It was undisputed that Bailey failed to appear as required for a pretrial hearing, and her trial strategy was to invoke the statutory defense available when "the actor had a reasonable excuse" for her failure to appear in accordance with the terms of her release. *See id.* § 38.10(c). She affirmatively introduced evidence. of communications with her lawyer in an attempt to establish her excuse that the lawyer failed to tell her that she had to appear—indeed, there was no conceivable other purpose for cross-examining her attorney. That was a plausible trial strategy, which entailed an implied waiver of the attorney-client privilege because it placed in issue all of her communications with her lawyer

about the need to actually appear for hearings as required by the court.
*Bailey v. State,* 469 S.W.3d at 765.

At the beginning of trial testimony, the court held a hearing on the State's motion to compel the testimony of Bailey's original defense attorney, Brian Roberts, as a witness to testi[f]y "about information regarding resets and information passed on by the defense attorney from the Court to his client for purposes of showing up in court." Roberts was present and asserted his unwillingness to divulge information relating to a former client unless ordered to do so by the court. The State argued that Roberts could be compelled to testi[f]y about his communication of court dates to Bailey, as the transmission of this information is exempt from the attorney-client communication privilege under the rule of *Austin v. State,* 934 S.W.2d 672 (Tex. Crim. App. 1996).[2] The trial court agreed, granted the State's motion to compel, and ordered Roberts to testify.
*Id.* at 766–67.

### Issues Raised In This Court

Appellant concedes that she did not appear on the scheduled court date and that, as part of her reasonable-explanation defense, she expressly waived the attorney-client privilege as to the pending charge in Brazoria County. Appellant contends that she was harmed by trial counsel's error because the testimony that was elicited about the charges in Harris and Jefferson

2. The communication of a trial date is a matter collateral to the attorney-client relationship. The

attorney receives the information regarding the client's trial date from a third party. The information does not involve the subject matter of the client's legal problems. Therefore, prohibiting disclosure of this communication would not further the gen-

eral policy of encouraging unrestrained communication between attorney and client. Accordingly, we hold an attorney's communication to the client of a trial setting is not subject to the attorney-client privilege.
*Austin v. State,* 934 S.W.2d 672, 675 (Tex. Crim. App. 1996).

Counties gutted her reasonable-excuse defense.

Appellant asserts that the court of appeals erred: 1) when it found that trial counsel was not ineffective for disclosing attorney-client privileged communications because she impliedly waived her privilege; and 2) by improperly shifting the burden of proof by requiring her to prove that her waiver was narrow and limited to a single charge instead of requiring the state to prove a broader waiver.

Appellant maintains that, because the privilege is rooted in the right to counsel, which is case specific, the waiver of the privilege is also case specific, and the court of appeals erred in finding that she impliedly waived attorney-client privilege regarding all conversations concerning court dates in all counties by her consent to waive attorney-client privilege as to a charge in one county. She alternatively argues that the communications regarding Jefferson County are not so interwoven with the Harris County case so as to render them relevant to that case.

Appellant also argues that the court of appeals erred in finding that she waived the privilege under the offensive-use doctrine. She urges us to follow the test that Texas Supreme Court set out in *Republic Ins. Co. v. Davis*, 856 S.W.2d 158 (Tex. 1993), which requires that the privilege holder be seeking affirmative relief before waiver may be found. She reasons that, because the reasonable-excuse defense is a general defense that merely holds the state to its burden of proof, the assertion of the defense does not seek affirmative relief and that the court of appeals erred in finding that she used the privilege as both a sword and a shield.

The state urges that the trial court did not err in finding that appellant had waived her attorney-client privilege with regard to the Jefferson County case and that the court of appeals did not err in upholding that ruling. The state also asserts that it was clearly the strategy of appellant herself, as well as her trial attorney, to have her prior trial counsel testify extensively as to the communications between the two. It contends that, in taking that approach, appellant waived her attorney-client privilege regarding the Jefferson County cases.

The state asserts that it is clear that appellant and her trial attorney "wished to delve deeply into the Jefferson County case, but hoped to shield from the jury those matters regarding the Jefferson County case that were not favorable to the appellant." State's Brief at 29. The state points to Rule 511(1) of the Rules of Evidence, which provides that a person on whom the rules confer a privilege against disclosure "waives the privilege if ... the person ... voluntarily discloses or consents to disclosure of any significant part of the privileged matter unless such disclosure itself is privileged[.]" It argues that appellant's decision to testify was sufficient to waive privilege.

### Case law

■ Rule of Evidence 503(b)(2) addresses the lawyer-client privilege and provides that "[i]n a criminal case, a client has a privilege to prevent a lawyer or lawyer's representative from disclosing any other fact that came to the knowledge of the lawyer or the lawyer's representative by reason of the attorney-client relationship." TEX. R. EVID. 503(b)(2). It is well settled that the privilege is personal to the client and cannot be waived solely by the attorney; the right to waive the privilege belongs solely to the client. *Burnett v. State*, 642 S.W.2d 765, 770 (Tex. Crim. App. 1982).

We have held that "the party seeking to benefit by a finding of waiver has the burden of going forward with evidence that supports a finding of waiver, and the mere fact privileged materials already have been disclosed does not establish a 'presumptive' or 'automatic waiver.'" *Carmona v. State*, 941 S.W.2d 949, 953 (Tex. Crim. App. 1997). "[T]he totality of the circumstances and reasonable inferences therefrom may support a finding of waiver." *Id.* at 954.

And in considering whether the attorney-client privilege has been waived, we must also consider whether, if the privilege was not waived, the privilege was violated. *See Austin v. State*, 934 S.W.2d 672, 675 (Tex. Crim. App. 1996).

## Analysis

Appellant's fifth ground for review contends that the court of appeals improperly placed on her the burden to prove that she did not waive her attorney-client privilege when it should have considered whether the state proved waiver. We observe that, in discussing burden of proof, the court of appeals noted that appellant's burden was to prove that counsel's performance was deficient; "a criminal defendant has the burden of showing by a preponderance of the evidence that his attorney failed to provide constitutionally adequate representation," rather than a burden of proving a lack of consent to the disclosure of privileged communications. *Bailey v. State*, 469 S.W.3d at 773. Thus, the court of appeals did not improperly shift the burden to appellant to prove that she did not waive her privilege. We overrule ground five.

In grounds two, three, and four, appellant challenges the court of appeals's conclusions relating to an implied waiver of appellant's privilege.

Ground two asks whether the court of appeals erred in determining that trial counsel's disclosure was not ineffective assistance of counsel but instead was an implied waiver. In *Republic Ins. Co. v. Davis*, 856 S.W.2d 158, 163 (Tex. 1993), the Supreme Court held that before such a waiver of privilege may be found, three conditions must be met: 1) the party asserting the privilege must seek affirmative relief; 2) the privileged information must be such that in all probability it would be outcome-determinative of the cause of action asserted; and 3) disclosure of the confidential communication must be the only means by which the aggrieved party may obtain the evidence. Appellant urges this Court to adopt the first requirement of "seeking affirmative relief" rather than conclude, as did the court of appeals, that appellant improperly used the privilege as both a sword and a shield to gain a litigation advantage.

The court of appeals acknowledged that courts have recognized several circumstances in which there is implied waiver of privilege, and that, consistent with the provision in Rule of Evidence 511 that consent to disclosure of any significant part of a privileged matter may constitute waiver of the whole, a privilege may not be waived selectively so that only such evidence as may be beneficial to the party holding the privilege will be disclosed. *Bailey v. State*, 469 S.W.3d at 774. It specifically held that, in this sense, "a privilege cannot be used simultaneously 'as a shield and a sword': after a partial disclosure is used as a sword to gain litigation advantage, the privilege cannot then be used to shield the remainder of the privileged communication." *Id.*

Appellant argues that she was not seeking affirmative relief by claiming the privilege, but her use of the privilege at trial was seeking the affirmative relief of an

acquittal. "Gaining litigation advantage" and "seeking affirmative relief" overlap in this instance, thus any use of the privilege to seek an advantage over the opposing party will satisfy this requirement. Thus the court of appeals did not err when it determined that appellant use the privilege to seek affirmative relief. We overrule ground two.

■ Ground three asks whether implied waiver under the "offensive-use" doctrine applies to the general defense of reasonable excuse provided for in Tex. Penal Code § 38.10. The Bail Jumping and Failure to Appear statute includes a statutory defense; "It is a defense to prosecution under this section that the actor had a reasonable excuse for his failure to appear in accordance to the terms of his release." TEX. PENAL CODE § 38.10(c). The privilege may be waived implicitly by calling the person to whom the privilege is extended to testify as a witness. *Ballew v. State*, 640 S.W.2d 237, 240 (Tex. Crim. App. 1980). "[C]alling a person to testify about a specific topic waives the privilege related to that topic." *Cameron v. State*, 241 S.W.3d 15, 17 n.2 (Tex. Crim. App. 2007). In this case, however, Roberts was called by the state, thus an implied waiver by appellant is not supported by the cited cases.

Ground four asks whether an implied waiver under Rule 511 can "trump Appellant's expressed and specific limitation on the waiver of her attorney-client privilege?" Rule 511 provides for Waiver of Privilege by Voluntary Disclosure. Rule 511(1) specifies that a person on whom the rules confer a privilege against disclosure waives the privilege if the person voluntarily discloses or consents to disclosure of any significant part of the privileged mat-

ter, unless such disclosure itself is privileged. Rule 512 provides that a privilege claim is not defeated by a disclosure that was erroneously compelled or made without opportunity to claim the privilege. TEX. R. EVID. 512.

Appellant consented to the disclosure of information relating to the Brazoria County case and asserted the privilege with regard to the Jefferson County case. Appellant contends that, pursuant to Rule 512, her privilege as to the Jefferson County case should not be defeated by a disclosure that was erroneously compelled or made without opportunity to claim the privilege. However, the disclosures as to the Harris and Jefferson County cases were not erroneously compelled.[3] Roberts was clear in his testimony that his involvement in the Brazoria case extended only to advising appellant that the Brazoria case complicated negotiations with Harris and Jefferson Counties on the other two cases and entreating her to surrender on the new charge in hopes of ameliorating the complications that could arise in the Harris and Jefferson County cases because of the new charge. It was the decision at her trial to question Roberts about some of the communications between appellant and Roberts concerning the cases in Houston and Beaumont that implicitly waived the privilege as to all of their related communications on those cases. *Ballew v. State*, 640 S.W.2d at 240; *Cameron v. State*, 241 S.W.3d at 17 n.2; and TEX. R. EVID. 511(1). Appellant chose to disclose communications in her defense against the Harris County case and so implicitly waived the privilege as to the communications in regard to the Jefferson County case that was interwoven with it. We overrule ground

**3.** Through his questions, defense counsel disclosed Roberts's communications about the proposed representation in the Brazoria County case, portrayed that advice by Roberts as an attempt to secure a substantial additional fee, and also caused the disclosure of communications concerning the Harris County case. *Bailey,* 469 S.W.3d at 776.

four. We now consider whether the privilege was, in fact, violated.

■ Roberts testified that he was retained to represent appellant on both the Harris County charge and the Jefferson County charge. Both charges involved the same pattern of behavior: fraudulent use or possession of identifying information. Roberts testified that appellant had appeared at all settings in both counties until Brazoria County filed the charges for possession of a weapon by a felon. Roberts was asked, in the main, about whether, how, and when he had notified appellant when she was to appear in court in Houston and Beaumont. Their communications about the charge in Brazos County were limited to what she told Roberts about the case, a topic that was not pursued at trial, his entreaties for her to surrender on that charge in hopes of not exacerbating her position in Houston and Beaumont, and warnings about the likely detrimental effect of the new charge on the two pending charges. He did not testify about her responses to the information he conveyed to her. Pursuant to *Austin*, none of those inquiries violated the privilege; reciting the law and notifying a client of future court dates do not implicate the attorney-client privilege. "The information does not involve the subject matter of the client's legal problems. Therefore, prohibiting disclosure of this communication would not further the general policy of encouraging unrestrained communication between attorney and client." *Austin*, 934 S.W.2d at 675.

■ Roberts was also asked about negotiations with prosecutors. Appellant and the prosecutor in Jefferson County had reached a plea-bargain agreement of six months in state jail, and appellant was set to enter a plea of guilty on September 15. She would have been taken into custody on that plea, had she chosen to appear. Negotiations in Harris County were ongoing, and Roberts testified about what the state had offered, but nothing about appellant's reaction to the negotiations.[4] His testimony established that the negotiations were intended by him to result in similar sentences that would run concurrently. Even if those disclosures implicitly waived the privilege to the Jefferson County case, the communications that were revealed were, except for communications to appellant about appearance dates, communications with third parties and therefore did not implicate the privilege.

■ Roberts testified he had filed a motion to withdraw with the court in Beaumont on the same day as the missed appearance. When appellant's counsel asked why Roberts went to court with a motion to withdraw in hand, Roberts stated that he believed that appellant would not appear. When asked why he believed that appellant would not appear, he responded that both appellant and the mother of his co-defendant had so informed him. Because he had the same information from a third party, revealing that communication with appellant would have been harmless. And because appellant had informed him of her intent to commit a future felony—failure to appear—he was ethically bound to reveal it, which he did by moving to withdraw from representation. Because the privilege was not violated, ground three is overruled.

We hold that the court of appeals did not err in holding that appellant failed to prove that her counsel provided ineffective assistance by divulging privileged commu-

4. The prosecutor in this case was also assigned to appellant's fraud case and, outside the presence of the jury, confirmed Roberts's version of negotiations on that charge.

nications and affirm the judgment of the court of appeals.

Alcalá, J., filed a dissenting opinion.

Based on the rationale in the dissenting opinion on en banc reconsideration by Chief Justice Radack of the First Court of Appeals, I respectfully dissent. I agree with her statement that "no competent attorney would employ a trial strategy that calls for eliciting privileged communications over his client's clearly-stated objection on the record." *See Bailey v. State*, 469 S.W.3d 762, 780 (Tex. App.–Houston [1st Dist.] 2015) (op. on rehearing) (Radack, C.J., dissenting). I, therefore, would reverse the judgment of the court of appeals that affirms the conviction against Lajuan Cecile Bailey, appellant, for felony failure to appear. *See* TEX. PENAL CODE § 38.10.

In this case, the facts show that appellant hired attorney Brian Roberts to defend her for two charges of fraudulent use or possession of identifying information, one in Harris County and one in Jefferson County. Appellant also had a pending criminal charge in Brazoria County. Roberts reset the Harris County case from September 7, 2010 to September 21, and, on September 2, he notified appellant of the new date. But after he notified appellant about the new date, and before her new trial setting, appellant's Harris County bond was revoked for a different reason on September 8. Believing that the revocation of her bond had cancelled the September 21 setting, appellant did not appear for her Harris County case on September 21. At trial, appellant claimed that, on this basis, she had a reasonable excuse for her failure to appear for the court setting on September 21. *See id.* § 38.10(c).

At her trial for failing to appear for the September 21 setting, appellant's trial attorney produced evidence from her former attorney to explain appellant's failure to appear for that setting. Appellant agreed to allow her former attorney's testimony, but only as it pertained to her Brazoria County case. Appellant expressly stated, "I'm only waiving privilege to the one case that was filed against me in Brazoria County." Despite her express statements about the scope of her waiver, trial counsel told her former attorney that "[e]verything has been waived at this point" and not to "worry about the attorney-client" so as to permit testimony about his representation of appellant for the Harris County and Jefferson County cases. After that, trial counsel produced damaging testimony against appellant by having her former attorney testify that appellant did "not plan on appearing in court at Jefferson County" for the court setting in that case.

This Court's majority opinion appears to hold that appellant could not limit her waiver to only the Brazoria County case so that, when she waived privilege on that case, that waiver was effective as to all her cases. I agree with the dissenting opinion in the court of appeals that the discussions between former counsel and appellant about her Brazoria County case were a separate matter from any discussions about the other cases. The dissenting opinion notes that "the Brazoria case that appellant consented to disclose was highly relevant to the Harris County case because it served as the basis for the September 8 revocation of her bond, and it is the September 8 revocation that led to appellant's 'reasonable belief' argument that she no longer needed to show up in court on September 21." *Bailey*, 469 S.W.3d at 782. The dissenting opinion succinctly explains that appellant "believed that she could not 'jump' a bond that had already been revoked." *Id.* As the dissenting opinion notes, the Jefferson County

case was not intertwined with the Harris County case because appellant's bond had not been revoked in the Jefferson County case at the time that appellant's bond was revoked in Harris County. *Id.* The dissenting opinion concludes by stating, "Indeed, by affirmatively introducing evidence that appellant planned not to appear in Jefferson County either, defense counsel injected harmful evidence of character conformity that the State generally would have been unable to present." *Id.* (citing TEX. R. EVID. 404(b)).

Trial counsel's deficient performance prejudiced appellant. Her trial counsel elicited testimony from appellant's former attorney that appellant had told him during the course of his representation that she did "not plan on appearing in court at Jefferson County." Appellant's trial attorney's introduction of this evidence against appellant at her bail jumping trial prejudiced her case by strongly suggesting that she acted with premeditation in planning not to attend a scheduled court appearance and by implicitly showing that her claimed excuse for failing to appear was not genuine.

I adopt the rationale in Chief Justice Radack's dissenting opinion as mine, and her assessment that, "[p]ut simply, if [trial counsel's] trial strategy required waiving a privilege that his client did not want waived, his representation of her was ineffective, especially since it caused the admission of an otherwise inadmissible extraneous offense." *Id.* at 784. I would reverse the judgment of the court of appeals by holding that trial counsel was ineffective, and remand for a new trial. For these reasons, I respectfully dissent.