(713 P.2d 973)

No. 57,784

STATE OF KANSAS, *Appellee*, v. JAY D. BREAZEALE, *Appellant*.

Opinion filed February 13, 1986.

*Jon S. Womack*, of Wichita, for appellant.

*Geary N. Gorup*, assistant district attorney, *Clark V. Owens*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before REES, P.J., TERRY L. BULLOCK, District Judge, assigned, and FREDERICK WOLESLAGEL, District Judge Retired, assigned.

REES, J.: Defendant appeals from his conviction by a jury for aggravated failure to appear (K.S.A. 21-3814).

This case concerns the scope of the lawyer-client privilege (K.S.A. 60-426). We are to decide whether the trial judge properly permitted defendant's former lawyer to testify that he had communicated to defendant that defendant was to appear in court on March 8, 1984.

Defendant's former lawyer had represented defendant at an earlier multi-week trial on felony charges. Jury trial began on January 30, 1984. Defendant was free on appearance bonds during the trial and while the jury deliberated. On the morning of March 8, the jury sent word to the trial judge that it had arrived at its verdicts. The court bailiff, on the judge's instructions, telephoned the lawyer's office. He left word that the lawyer and defendant were to come to court for the reading of the verdicts. Over defendant's objection, the former lawyer was permitted to testify in the case before us that, after having received the bailiff's message, he had communicated by telephone conversations with defendant that the jury had arrived at its verdicts and

that defendant's appearance in court was required. Defendant did not come to the courthouse that day. His bonds were ordered forfeited. He next appeared in court some six months later when Kansas officers returned him from Nebraska after his arrest there.

To convict defendant on the present charge of aggravated failure to appear, it was essential that the State prove that defendant knew on March 8, 1984, that he was to appear in court that day. Asserting the lawyer-client privilege, defendant attempted to defend on the theory that his failure to appear was not willful for the reason that there was no proof that he knew he was to appear.

Defendant relies upon the spirited dissenting opinion in *State v. Ogle*, 297 Or. 84, 99-112, 682 P.2d 267 (1984), also a failure to appear case. The statutory enunciation of the lawyer-client privilege applicable in *Ogle* provided that: a client has a privilege to prevent any other person from disclosing communications (1) between the client and the client's lawyer (2) not intended to be disclosed to third persons and (3) made for the purpose of facilitating the rendition of professional legal services to the client. Or. Rev. Stat. § 40.225 (1), (2) (1984). The position adopted by the *Ogle* minority was that admissibility of evidence that in the earlier case the defendant's lawyer had communicated to him an appearance date was controlled by the particular Oregon statutory language delineating the privilege, rather than by common law or case authority not founded on the language of the Oregon statute; that the purpose of the lawyer-client communication at issue was to facilitate "legal services"; and that it was necessary that the trial court take evidence to show what the intent was, when the communication occurred, as to disclosure to third persons of the fact of communication.

There are sound bases for denying application of the *Ogle* dissent and its reasoning to the case before us. First, the Oregon statute, Or. Rev. Stat. § 40.225 (1)(b) (1984), states that as used in that statute " 'Confidential communication' *means* a communication [between the client and the client's lawyer] not intended to be disclosed to third persons . . . ." (Emphasis added.) In contrast, within K.S.A. 60-426(c)(2), our statutory exposition of the lawyer-client privilege, it is provided that:

" '[C]ommunication' *includes* advice given by the lawyer in the course of representing the client and *includes* disclosures of the client to a representa-

tive . . . of the lawyer incidental to the professional relationship." (Emphasis added.)

By use of the word "includes," K.S.A. 60-426(c)(2) says that a lawyer's advice to the client and a client's disclosures to a representative of the lawyer are two but less than all of the communications to which the privilege may apply. If the wording of K.S.A. 60-426(c)(2) were either that "communication" *means, is composed of,* or *comprises* a lawyer's advice to the client and a client's disclosures to a representative of the lawyer, the result would be quite different; the two identified situations would be the only ones to which the privilege would apply. There would be omitted from the protection of the privilege disclosures and other communications from a client directly to the lawyer. Clearly, that would be a result not likely intended by the legislature. Those are exactly the communications traditionally afforded confidentiality.

The word "communication" as used in our statutory definition of the lawyer-client privilege means a statement transmitting information between a lawyer and his client. *State v. Newman,* 235 Kan. 29, 40, 680 P.2d 257 (1984). The lawyer-client privilege protects confidential communications, that is, communications between a lawyer and his client made in professional confidence. That is the essence of K.S.A. 60-426(a). See *State v. Regier,* 228 Kan. 746, 748-49, 621 P.2d 431 (1980); *Fisher v. Mr. Harold's Hair Lab, Inc.,* 215 Kan. 515, 519, 527 P.2d 1026 (1974); *cf. Cranston v. Stewart,* 184 Kan. 99, 102, 334 P.2d 337 (1959).

There must be a confidential communication for the privilege to be operative. We conclude that the communication disclosed here was not a confidential communication; there was no disclosure of a confidential communication by defendant's former lawyer's testimony.

In reported federal and foreign decisions, this has been said:

"Communications by a defense counsel to the client or by a client to the defense counsel regarding the time and place of trial are not confidential and therefore are not protected by the attorney-client privilege. *United States v. Freeman,* 519 F.2d 67, 68-69 (9th Cir. 1975); *United States v. Bourassa,* 411 F.2d 69, 74 (10th Cir.), *cert. denied,* 396 U.S. 915, 90 S.Ct. 235, 24 L.Ed.2d 192 (1969); *United States v. Hall,* 346 F.2d 875, 882 (2d Cir.), *cert. denied,* 382 U.S. 910, 86 S.Ct. 250, 15 L.Ed.2d 161 (1965); *United States v. Woodruff,* 383 F.Supp. 696 (E.D.Pa. 1974)." *In re Grand Jury Proc., Des Moines, Iowa,* 568 F.2d 555, 557 (8th Cir. 1977).

"The district court did not err in requiring counsel to testify. The evidence

sought to be elicited from him was not of a confidential nature and hence was not protected by the attorney-client privilege. It simply related to whether he had advised his client of the court's order to appear. We think the Second Circuit aptly appraised the matter when it said:

> " 'The relaying of this message is not in the nature of a confidential communication. [Citations omitted.] Defense counsel served merely as a conduit for transmission of a message. * * * Defendant's counsel had a duty to relay the instructions to his client in his capacity as an officer of the court, and this in no way was inconsistent with his obligation to his client.'

United States v. Hall, 346 F.2d 875, 882 (2d Cir. 1965); see also United States v. Woodruff, 383 F.Supp. 696, 698 (E.D.Pa. 1974)." United States v. Freeman, 519 F.2d 67, 68 (9th Cir. 1975).

"It is also argued that it was error to permit appellant's former attorney to testify that he notified appellant to be present for his first trial . . . . Relating such notice to the client was counsel's duty as an officer of the court, and was not within the privilege." United States v. Bourassa, 411 F.2d 69, 74 (10th Cir.) cert. denied 396 U.S. 915 (1969).

"Communications between counsel and defendant as to the trial date do not involve the subject matter of defendant's legal problem. . . . Such communications are non-legal in nature. Counsel is simply performing a notice function. . . .

"[T]he transmission to defendant from the attorney of the fact of the time of trial is not privileged." United States v. Woodruff, 383 F. Supp. 696, 698 (E.D. Pa. 1974).

"When an attorney notifies a client of a court date set for the client, . . . [t]he lawyer is acting merely as an agent for the court in communicating the court date to the client. The attorney's later disclosure of the fact that he or she performed this function is not privileged." State v. Ogle, 297 Or. at 89 (majority opinion).

We find these statements and holdings appear with respect to analogous factual circumstances. They are persuasive. We are aware of no authority to the contrary.

In his argument to us, defendant lodges an additional complaint that he was denied effective assistance of counsel. In substance, it is argued defendant's trial counsel failed to assert insanity as a trial defense to the State's necessary claim that defendant's conduct was willful. We cannot consider this claim by defendant as an issue on this appeal.

An appellant has the burden of furnishing a record affirmatively showing prejudicial error occurred in the trial court. State v. Bright, 229 Kan. 185, 190-91, 623 P.2d 917 (1981); State v. Montgomery, 175 Kan. 176, 179, 261 P.2d 1009 (1953). The record on appeal wholly fails to reflect that a claim of ineffective assistance of counsel was presented in the trial court. Defendant cannot raise an issue on appeal that was not presented to the trial

court. *State v. Kelly,* 204 Kan. 715, 716, 466 P.2d 350 (1970); *State v. Hunt,* 8 Kan. App. 2d 162, 167, 651 P.2d 967 (1982).

Affirmed.