Julia D. MOUDY, Appellant,

v.

SUPERIOR COURT, Appellee.

No. A–6599.

Court of Appeals of Alaska.

Oct. 2, 1998.

Louis James Menendez, Juneau, for Appellant.

Douglas H. Kossler, Assistant Attorney General, Office of Special Prosecutions and Appeals, Anchorage, and Bruce M. Botelho, Attorney General, Juneau, for Appellee.

Before COATS, C.J., and MANNHEIMER, J., and RABINOWITZ, Senior Supreme Court Justice.*

## OPINION

COATS, Chief Judge.

The state subpoenaed Assistant Public Defender Julia D. Moudy to appear before a grand jury investigating whether her client, Frederick Michaelson, committed the crime of willfully failing to appear for trial in a felony case. Apparently attempting to discover whether Moudy or anyone else at the Public Defender Agency had informed Mi-

---

* Sitting by assignment made pursuant to Article IV, Section 11 of the Alaska Constitution and Administrative Rule 23(a).

chaelson of the trial date, the prosecutor asked Moudy several questions pertaining to whether she or anyone else in her office had had contact with Michaelson. Moudy refused to answer these questions; she claimed the attorney-client privilege. Following a hearing, Superior Court Judge Larry Weeks ruled against Moudy's claim of privilege and ordered her to answer. When Moudy still refused to answer, Judge Weeks found her in contempt and fined her $300 a day until she answered. (That order has been stayed pending this appeal.)

■ The issue presented here is whether the attorney-client privilege shields a lawyer from divulging the fact that a conversation has occurred between the lawyer and a client. We conclude that the attorney-client privilege does not protect this information, and that Moudy's attorney-client relationship with Michaelson did not give her the right to refuse to answer the prosecutor's questions about contacts between Michaelson and the staff of the Public Defender Agency. We therefore uphold Judge Weeks' decision to hold Moudy in contempt.

■ At the outset, we note that Moudy raises various procedural challenges to the proceedings in the superior court.[1] However, Moudy did not object to these alleged procedural errors during the litigation in the superior court, and she has failed to show that her substantive rights were affected by any of the alleged procedural flaws. Accordingly, we reject these procedural attacks on Judge Weeks' decision. We now turn to Moudy's primary claim: that the attorney-client privilege authorized her to refuse to disclose whether Michaelson had had contact with the Public Defender Agency.

The attorney-client privilege, codified in Alaska Evidence Rule 503, authorizes an attorney "to refuse to disclose ... confidential communications made for the purpose of facilitating the rendition of professional legal services to the client."[2] Thus, in broad terms, Moudy is privileged to refuse to disclose the content of any confidential communication between herself and Michaelson if the communication was made to facilitate her legal representation of Michaelson. Besides a client's direct communications with the attorney, the attorney-client privilege also protects the client's communications with "the lawyer's representative[s]."[3] Thus, not only Michaelson's confidential communications with Moudy, but also Michaelson's confidential communications with other members of the Public Defender Agency's staff would presumptively be protected.

However, not all communications between lawyer and client qualify as "confidential communications" within the meaning of Alaska Evidence Rule 503. In *Downie v. Superior Court*,[4] we held that the attorney-client privilege does not shield an attorney from answering whether the attorney ever informed a client of the client's trial date. In accord with the essentially unanimous view of American jurisdictions, we concluded that "the attorney-client privilege protects confidences between attorney and client imparted for the purpose of securing legal advice or representation, but the privilege does not cover an attorney's act of conveying to the client a third-party's communication" such as the trial judge's announcement of a trial date.[5]

Moudy's basic argument in this appeal is that *Downie* sets the outer boundary of per-

---

1. Specifically, Moudy argues:
   (1) that Moudy's subpoena to attend the grand jury was improperly issued, since the prosecutor had not secured prior judicial approval for the subpoena; *see* Alaska Professional Conduct Rule 3.8(f)(2);
   (2) that, when this error was caught, the prosecutor scheduled an expedited hearing in the superior court without following the proper motion practice;
   (3) that Moudy received only a few hours' notice of this hearing; and
   (4) that when Judge Weeks ultimately rejected Moudy's claim of attorney-client privilege

and held Moudy in contempt for failing to answer questions at grand jury, he failed to reduce his ruling to writing; *see* Alaska Civil Rule 90(a).

2. A.R.E. 503(b).

3. A.R.E. 503(b)(1).

4. 888 P.2d 1306 (Alaska App.1995).

5. 888 P.2d at 1308.

missible questioning, and that the attorney-client privilege protects an attorney from having to provide any other information about his or her contacts with a client, or about contacts between the client and the attorney's staff. This is a misreading of *Downie.*

When Moudy's case is compared to the facts of *Downie,* it is evident that *Downie* posed the more difficult legal issue. The attorney in *Downie* was ordered to divulge a portion of the *content* of an attorney-client communication—the fact that the attorney had informed the client of the client's next scheduled court date. Moudy, on the other hand, challenges the superior court's authority to order her to divulge whether *an attorney-client communication occurred* between Michaelson and other members of the Public Defender Agency staff. The view of courts from around the country is that the attorney-client privilege does not authorize an attorney to refuse to disclose the fact that communications have taken place between a client and an attorney.

The case law on this point is summarized in the following passage from Stephen A. Saltzburg, Michael M. Martin, and Daniel J. Capra, *Federal Rules of Evidence Manual* (7th ed.1998), Vol. 2, pp. 711–12:

> [T]he [attorney-client] privilege does not protect the preliminary aspects of the attorney-client relationship itself. These matters, which have been referred to as the "incidents of representation," include the client's name, the amount and payment of a fee, and the fact of consultation. The incidents of representation are not generally considered privileged because they are independent of the confidential communications necessary for the representation. The identity of the client, the fee, and the fact and extent of representation are gen-

erally incidental to the formation and maintenance of the relationship, and have nothing to do with the free flow of information once that relationship has been established.... As Judge Winter stated in the leading case of *In re Shargel,* 742 F.2d 61 (2d Cir.1984):

> Absent special circumstances, disclosure of the identity of the client and fee information stand on a footing different from communications intended by the client to explain a problem to [the] lawyer in order to obtain legal advice.... A general rule requiring disclosure of the fact of consultation does not place attorneys in the professional dilemma of cautioning [the client] against disclosure and [thereby] rendering perhaps ill-informed advice or [on the other hand] learning all the details and [thus] perhaps increasing the perils to the client of disclosure.[6]

■ Thus, in most circumstances, the attorney-client privilege does not shield an attorney from disclosing the fact that a client has contacted the attorney or the attorney's firm. Some of the cases that acknowledge and apply this rule are: *Matter of Walsh*[7] ("Some areas of inquiry have been held not privileged because they are not communications or are not confidential. For example, the fact of communication between a known client and his attorney is not a privileged communication."); *United States v. Schenectady Savings Bank*[8] ("The fact that a particular known client has communicated with an attorney is not privileged under the general rule."); *State v. Breazeale*[9] (finding no disclosure of confidential communication when the defendant's former lawyer testified that he had communicated by telephone with the defendant to notify him that his presence in court was required); *Seventh Elect Church in Israel v. Rogers*[10] (information concerning

---

6. Although *Saltzburg* states (and approves) the general rule that the attorney-client privilege does not shield a lawyer from disclosing the fact of the client's consultation, *Saltzburg* at the same time acknowledges a limited exception: the attorney-client privilege will shield the lawyer from divulging the fact of a client's consultation if this information would tend to disclose a confidential communication, or if it would tend to disclose the client's previously unrevealed connection to

the matter on which legal advice was sought. *Id.* at 712–13.

7. 623 F.2d 489, 494 (7th Cir.1980).

8. 525 F.Supp. 647, 654 (N.D.N.Y.1981).

9. 11 Kan.App.2d 103, 713 P.2d 973 (Kan.1986).

10. 102 Wash.2d 527, 688 P.2d 506 (Wash.1984).

the amount, source, and manner of payment of legal fees is not protected by the attorney-client privilege because such information does not convey the substance of confidential communications between the attorney and the client); *Security Industries, Inc. v. Fickus* [11] ("[T]he attorney-client privilege should be applied only to protect communications, not facts.").

■ As explained above, Moudy has been ordered to divulge whether she informed Michaelson of the trial date, and whether Michaelson had contact with other members of the Public Defender Agency. Judge Weeks correctly ruled that the attorney-client privilege did not justify Moudy's refusal to answer the challenged questions. Moudy was properly required to say whether she or any other members of the Public Defender Agency staff spoke with Michaelson.

For these reasons, we affirm the judgment of the superior court. Moudy could properly be held in contempt for refusing to say whether communications occurred between Michaelson and members of the Public Defender Agency's staff (including herself).

■ Having affirmed Judge Weeks' decision, we also reaffirm our holding in *Downie:* the attorney-client privilege does not protect an attorney's act of communicating a trial

date to a client. This is true whether the trial date was communicated to the client directly by the attorney or, alternatively, by a member of the attorney's staff. Moudy can be required to answer whether she informed Michaelson of the trial date. Moudy can also be required to answer whether, to her knowledge, another member of the Public Defender Agency staff informed Michaelson of the trial date. If Moudy answers this latter question in the affirmative, her answer might well be hearsay (unless she personally participated in the conversation). However, under *Downie,* other members of the Public Defender Agency staff can be required to answer whether they informed Michaelson of the trial date.

The judgment of the superior court is AFFIRMED, and this case is remanded to the superior court for further proceedings consistent with this opinion.

STEWART, J., not participating.

---

**11.** 439 P.2d 172, 177 (Alaska 1968).