

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00819-CR

Denys A. **MARTINEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 290th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR12834
Honorable Jennifer Pena, Judge Presiding

Opinion by:    Luz Elena D. Chapa, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Luz Elena D. Chapa, Justice
               Beth Watkins, Justice

Delivered and Filed: January 27, 2021

AFFIRMED

Denys A. Martinez appeals his conviction for manslaughter. His sole issue on appeal is whether trial counsel rendered ineffective assistance by misrepresenting his plea options. We affirm the judgment of conviction.

## BACKGROUND

Martinez was indicted for manslaughter and intoxication manslaughter. The case proceeded to a jury trial. Before voir dire, trial counsel and Martinez had the following discussion on the record:

[TRIAL COUNSEL]: Okay. Have I informed you that the State of Texas has never offered you a plea bargain in this case?

THE DEFENDANT: Yes.

[TRIAL COUNSEL]: So, you're aware that the only option you have today is to either go to trial or plead guilty to the Judge and let her do whatever she wants to do in terms of punishment? Those are the only two options. Are you aware of that?

THE DEFENDANT: Yes.

[TRIAL COUNSEL]: Okay. Any questions about anything at all before we get started other than what we're going to talk about?

THE DEFENDANT: No.

After hearing the evidence and closing arguments, the jury found Martinez guilty of manslaughter.[1] The trial court imposed Martinez's sentence and signed a judgment of conviction. Martinez timely appealed.

INEFFECTIVE ASSISTANCE OF COUNSEL

Martinez argues he received ineffective assistance of counsel because trial counsel's admonishments on the record were legally incorrect. "To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate two things: deficient performance and prejudice." *Vega v. State*, 610 S.W.3d 79, 82 (Tex. App.—San Antonio 2020, no pet.) (quoting *Miller v. State*, 548 S.W.3d 497, 499 (Tex. Crim. App. 2018)). "To establish deficient performance, an appellant must show counsel's assistance fell below an objective standard of reasonableness." *Id.* (quotation marks omitted). "An appellant must overcome the strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance." *Id.* (quotation marks omitted). In other words, "the defendant must overcome the

---

[1] The jury also found Martinez guilty of intoxication manslaughter, but no sentence was imposed based on Martinez's and the State's agreement that imposing both sentences would violate the Double Jeopardy Clause. Although the judgment does not contain a sentence for "Count I" (intoxication manslaughter), the trial court signed an order vacating "Count I" of the judgment and sentence.

presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (quotation marks omitted). "To defeat the presumption of reasonable professional assistance, any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness." *Id.* (quotation marks omitted). "If no reasonable trial strategy can justify counsel's choices or conduct, performance necessarily falls below an objective standard of reasonableness." *Id.* "However, few cases demonstrate such deficiency on direct appeal because the record is unlikely to include any explanation by trial counsel, and we can [frequently] conceive potential reasonable trial strategies that counsel could have been pursuing." *Id.* at 82–83 (quotation marks omitted). "Once an appellant establishes deficient performance, the appellant must then establish prejudice." *Id.* at 83. "An appellant must show a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quotation marks omitted). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* (quotation marks omitted).

Martinez contends trial counsel's performance was deficient because trial counsel misstated Martinez's plea options. He first argues that "[t]o have the judge assess punishment on a plea of guilty would have required that the State of Texas execute a jury waiver. There is nothing in the record to suggest that they had done so, or were willing to do so. Moreover, there is nothing in the record to suggest that the appellant had been informed of the legal impediment to pleading guilty to the judge without a waiver from the prosecution." And second, "the statement of counsel that he either 'go to trial or plead guilty to the judge and let her decide whatever she wants to do in terms of punishment' is blatantly incorrect because of the fact that it wholly fails to inform the appellant of his right to enter a plea of guilty to the jury and have his sentence assessed by that jury." In its brief, "[t]he State concedes counsel's advice omitted the caveat the State would have

to waive its jury trial right and omitted he could have pled guilty to the jury," but argues the record shows Martinez never indicated he wanted to plead guilty and the record does not show prejudice.

Because Martinez raises his ineffective assistance of counsel claim for the first time on appeal, trial counsel was not given the opportunity to respond to Martinez's claim. Both Martinez and the State speculate as to trial counsel's motives for making a record of his admonishments to Martinez. However, an attorney's advice to a client is ordinarily confidential and not made on the record. *See Bailey v. State*, 507 S.W.3d 740, 745 (Tex. Crim. App. 2016). We therefore cannot say trial counsel's admonishments on the record constitute all the advice trial counsel gave Martinez. The record before us does not establish the full scope of trial counsel's admonishments, including any admonishments or advice given off the record. Martinez's claim of deficient performance is not firmly founded in the record. Furthermore, nothing in the record affirmatively shows prejudice and indicates Martinez would have changed his plea, had trial counsel made accurate admonishments on the record before voir dire. Because the record does not establish deficient performance or prejudice, we overrule Martinez's sole issue on appeal.

## CONCLUSION

We affirm the judgment of conviction.

Luz Elena D. Chapa, Justice

Do Not Publish